LESTER v. LESTER.

1. DIVORCE—ALIMONY—SUPPORT OF CHILDREN OF FORMER HUSBAND.
   Allowance to wife on cross-bill for divorce for care and support of her minor children by former husband *held*, alimony subject to modification upon motion by plaintiff husband (3 Comp. Laws 1929, §§ 12739, 12748).

2. SAME—MODIFICATION OF DECREE.
   Facts *held*, to warrant modification of alimony provision in decree of divorce on husband's petition made after both husband and wife had remarried former spouses and he had suffered an alleged change in his financial condition.

3. WITNESSES—DIVORCE—HUSBAND.
   Attendance of husband at hearing on his petition to modify decree and on wife's motion to vacate order made thereon could have been procured by subpœna had it been desired.

Appeal from Berrien; White (Charles E.), J. Submitted January 3, 1934. (Docket No. 19, Calendar No. 36,723.) Decided April 3, 1934.

Bill by Cleveland J. Lester against Mary Lester (now Spear) for an absolute divorce. Cross-bill by defendant for separate maintenance. Decree of an absolute divorce to defendant on amended cross-bill. From order amending decree as to alimony, defendant appeals. Affirmed.

*Charles W. Gore,* for plaintiff.

*John J. Sterling* (*Webster Sterling* and *Willard J. Banyon,* of counsel), for defendant.

POTTER, J. Plaintiff and defendant were married February 27, 1929. Subsequently they separated.

April 1, 1930, a property settlement was made between them. Each had been previously married. Plaintiff's former wife, by whom he had a child, was living. Defendant's former husband, by whom she had four children, was living. One of her children was under 16 years of age. December 8, 1930, a bill for divorce was filed by plaintiff against defendant. Defendant filed an answer in the nature of a cross-bill asking separate maintenance and alimony. The property settlement entered into between the parties provided plaintiff was to pay defendant $125 a month until the youngest child of defendant, Madge, should attain the age of 16 years, payable on the first day of each month; "That in the event of the marriage of the second party before her youngest child, Madge, shall reach the age of 16 years, then and in that event, the payments of $125 a month shall cease upon the happening of said marriage, but that all other payments mentioned herein shall continue." On hearing, a stipulation was entered into in open court which provided in case a decree of divorce was granted, plaintiff was to pay to the clerk of the court $125 a month from and after the date of such stipulation for the support, care and maintenance of the minor children of defendant until the youngest child of defendant, Madge, should attain the age of 16 years.

It was also stipulated that defendant was to amend her answer in the nature of a cross-bill so as to ask for divorce. March 18, 1931, a divorce decree was granted defendant ratifying the property settlement between the parties as amended by the stipulation, and providing plaintiff pay to the clerk of the court for the care, support and maintenance of defendant as provided in the property

settlement the sum of $125 a month, payable on the first day of each and every month, commencing April 1, 1931, and continuing each and every month thereafter until defendant's youngest child, Madge, should reach the age of 16 years.

The property settlement provided plaintiff was to pay defendant the sum of $8,000, and a solicitor's fee to her counsel of $250, and defendant was to convey her property interests described in the settlement to plaintiff and waive all interest and dower in his property. After the divorce decree plaintiff married his former wife. Defendant married her former husband. December 21, 1931, plaintiff moved to amend the final divorce decree as to the payment of $125 a month, provided therein to be paid to defendant for the care, support and maintenance of her minor children until the youngest child, Madge, should attain the age of 16 years, by striking such provision out of the decree, upon the ground that due to changed financial conditions he was no longer able to meet the provisions of the decree and due to a change of status of defendant it was inequitable and unjust that he should be required to comply therewith.

After hearing, the court, January 5, 1932, amended the decree by striking out and holding null and void the provision therein for the payment of $125 a month by plaintiff to defendant. Subsequently a motion was made by defendant to set aside this order amending the original decree, but the appeal here is from the order of January 5, 1932. It is contended by appellant that this provision of $125 a month is by the contract of settlement bound up with the release by defendant of her dower and property interests in plaintiff's property; plaintiff's

financial condition is unchanged; defendant had a right to re-marry without affecting her right to the $125 a month and plaintiff did not move to amend the decree upon the ground of defendant's re-marriage.

The statute, 3 Comp. Laws 1929, § 12739, provides:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children, shall require."

Section 12748, 3 Comp. Laws 1929, provides the court may, after decree for divorce and the award of alimony, from time to time on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance and the payment thereof.

The allowance made for the care and support of defendant's minor children was alimony. *Kutchai* v. *Kutchai,* 233 Mich. 569. The court had power and authority to modify the award for alimony upon motion of plaintiff (*Aldrich* v. *Aldrich,* 166 Mich. 248), in case the facts warrant it.

Defendant did not help earn the property belonging to plaintiff. The child, Madge, was not plaintiff's child but the child of defendant and her former and present husband. Plaintiff makes a showing of changed financial condition; that all the money he had at the time of the motion to modify the decree was in a closed bank to which he personally owed $6,700 and to which the company in which he was a co-partner owed $10,000; that he formerly drew a salary of $300 a month and by

reason of financial depression was drawing no salary; that he owed between $800 and $900 delinquent taxes on his own property and his company owed $2,000 in delinquent taxes upon the company property; that while defendant charges he owned a $500 bond on the Hotel Whitcomb and another on the Hotel Vincent, he owned no such bonds; that though defendant charges him with owning a $35,000 mortgage on the Dennis Hotel in St. Joseph the same is a second mortgage; nothing has been paid on it; the hotel is in default in interest and taxes on the first mortgage and such second mortgage is not a valuable asset; that as to the mortgage of $8,000 which defendant claims plaintiff owned on the Allerton Pattern Works, the mortgage was in the sum of $7,000, nothing had been paid on it and the Allerton Pattern Works was in bankruptcy.

Some complaint is made that plaintiff was not sworn as a witness, either upon the application to modify the decree or in opposition to defendant's application to set aside the order modifying the decree. His attendance, if desired by either party, might have been secured by subpœna. *Bauer* v. *Bauer,* 177 Mich. 169.

Whether plaintiff made an adequate showing of his changed financial condition and of defendant's change of status was primarily for the trial court. We think the facts warranted the modification of the final decree as determined by the trial court whose order is affirmed, without costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.