ADAMS *v.* ADAMS.

1. DIVORCE—CUSTODY OF CHILDREN—RECORD.

Provision of decree of divorce awarding custody of minor son to mother but permitting father to have his custody on Saturday and Sunday afternoons and for a month in the summer is not disturbed, where record does not indicate the provision is unfair, but may be changed on application and showing if unworkable.

2. SAME—DIVISION OF PROPERTY—RECORD.

Two-family flat, title to which had been held by parties to suit for divorce as tenants by the entireties and which was decreed to be thereafter held by them as tenants in common, is awarded entirely to plaintiff where all except $15 of payments on purchase price had been made by her, record does not indicate defendant will make further payments on purchase price as he is in arrears for temporary alimony and plaintiff is making payments on mortgage somewhat in arrears, since division made would result in confusion and probable injustice to plaintiff.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 15, 1937. (Docket No. 94, Calendar No. 39,550.) Decided October 4, 1937.

Bill by Wladyslawa Adams against Casimir F. Adams for an absolute divorce on the grounds of extreme cruelty. Cross-bill for an absolute divorce on grounds of extreme cruelty. From decree rendered, plaintiff appeals. Modified and affirmed.

*Andrew J. Sura,* for plaintiff.

*Sempliner, Dewey, Stanton & Honigman,* for defendant.

FEAD, C. J. Plaintiff appeals from decree of divorce granted to her. Defendant had filed cross-

bill but made no contest at the hearing. According to the calendar entries the friend of the court made several reports but they are not in the record before us and by which we are bound.

Plaintiff complains because the decree, although awarding her custody of the minor son, permits defendant to have the custody on Saturday and Sunday afternoons and for a month in the summer. The record does not indicate that the provision is unfair and, if it does not work well, the court may change it on application and showing.

The parties own a two-story flat, the title held by the entireties. Plaintiff complains because the decree declares them tenants in common hereafter.

The undisputed testimony is that plaintiff, from her own earnings, paid all the purchase price which has been paid, except $15 contributed by defendant. There is a mortgage of over $3,000 on the premises, some $300 being in arrears, and plaintiff is making payments thereon. The record does not suggest any possibility that defendant will make any further contributions to the purchase price. At the time of decree he was in arrears to plaintiff for temporary alimony. Under the circumstances we think the division of the title would result in confusion and probable injustice to plaintiff and that the decree should award the premises to her.

The decree will be modified to award the real estate to plaintiff, with costs of appeal to her, provision for the payment of the accrued alimony in instalments over a 90-day period, and otherwise affirmed. The decree will also provide that the same be remanded to circuit court with jurisdiction to enforce and modify the decree as circumstances may require.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.