WALTON *v.* WALTON.

DIVORCE—MODIFICATION OF DECREE—SUPPORT AND CUSTODY OF CHILDREN.

> Under statute providing that after decree for divorce and award of alimony the court may, upon the petition of either party, revise and alter such decree respecting such alimony, court's decree awarding custody of the two children to mother and order requiring father to pay $10 per week in advance until the children attain the age of 17 years as amended by subsequent order construing it to compel him to pay $10 per week until the younger child should reach the age of 17 years is affirmed where mother is providing the children with a high school education and plans to send them to college and no facts are shown to warrant a change of custody (3 Comp. Laws 1929, §§ 12739, 12748).

Appeal from Washtenaw; Sample (George W.), J. Submitted June 6, 1939. (Docket No. 6, Calendar No. 40,420.) Decided September 5, 1939.

Bill for divorce by Ivy G. Walton against Homer D. Walton. On petition by plaintiff to amend the decree for further alimony payments and custody of children. From order amending decree, defendant appeals. Affirmed.

*John P. Kirk,* for plaintiff.

*Hooper & Hooper,* for defendant.

SHARPE, J. A decree of divorce was granted to plaintiff May 27, 1933, and provided for the mainte-

nance and custody of the two minor children as follows:

"It is further ordered, adjudged and decreed that the plaintiff Ivy G. Walton shall have the care, custody and maintenance of said minor children, Helen Louise Walton and Ray Homer Walton, and that said children shall remain with the said plaintiff until they shall respectively attain the age of 17 years, or until the further order of the court.

"It is further ordered, adjudged and decreed that the said defendant shall pay to the friend of the court, for the use and benefit of the plaintiff for the caring for, maintaining and supporting of said children the sum of $10 per week, weekly in advance, from and after this date, until the said children shall attain the age of 17 years, or until the further order of the court."

The decree also provided that plaintiff was to have all household furniture and a one-half interest as tenant in common of certain real estate as well as a one-half interest in the personal property of the business known as the "Walton Auto Electric." Ray Walton, the older child, arrived at the age of 17 years on April 5, 1938. Helen Walton, the younger child, arrived at the age of 17 years June 15, 1939. When Ray Walton arrived at the age of 17 years, defendant stopped paying $10 per week and thereafter paid $5 per week. On August 30, 1938, plaintiff filed a petition in the circuit court to amend the above decree so as to give plaintiff custody of both children until each should arrive at the age of 21 years and for a construction of said decree to mean that defendant should continue to pay the sum of $10 per week in advance until Helen arrived at the age of 17 years. The trial court after hearing the testimony entered a decree granting plaintiff the relief petitioned for.

Defendant appeals and contends that the trial court was in error in construing that part of the decree pertaining to alimony and in its failure to grant defendant custody of Ray Walton, the older child.

The record shows that when the original divorce decree was granted (May 27, 1933), plaintiff and the two children were living on the second floor over the place of business occupied by defendant; that they had no rent to pay; that subsequently plaintiff and the two children left the mentioned premises and were compelled to find a home elsewhere; that at the present time, plaintiff is a school teacher and receives $110 per month for nine months out of the year; that plaintiff has purchased a home in Ypsilanti for $2,000; that there is a balance due on said land contract of $1,674; that at the present time plaintiff rents rooms and is receiving therefrom the sum of $68 per month; and that the children are in high school and it is plaintiff's intention to send the boy to Michigan State College for a four-year course and the girl to State Normal College at Ypsilanti for a four-year course.

The record also shows that the defendant is conducting an auto electric business; that defendant is required to make payments of $50 per month to the receiver of the bank in order to keep possession of the garage property; that the average monthly net income from the operation of the business from January 1, 1938, to August, 1938, was $64.22; that in June, 1936, defendant received a soldier's bonus of $1,100; and that at the time of the entry of the amended decree defendant was in debt to the extent of approximately $1,400; that in December, 1935, defendant was married to his present wife; and that his wife's mother lives with them, draws an old age pension which is partly used to maintain herself.

Other facts relating to the financial affairs of these parties may be found in *Walton* v. *Walton,* 287 Mich. 557.

Section 12748, 3 Comp. Laws 1929 (Stat. Ann. § 25.106), provides that after decree for divorce and the award of alimony the court may, upon the petition of either party, revise and alter such decree respecting the amount of such alimony or allowance and the payment thereof.

See, also, *Lester* v. *Lester,* 266 Mich. 551.

We shall treat this cause as a petition for amendment of the decree. The amount involved is the sum of $5 per week from April 5, 1938, the date when the older child became 17 years of age, to June 15, 1939, the date when the younger child reached the age of 17 years and the time when all payment for the support of either child would cease under the decree.

It was the opinion of the trial judge that the decree should be construed or amended to compel defendant to pay $10 per week until the younger child should reach the age of 17 years. The language used in *Smith* v. *Smith,* 252 Mich. 543, 546, is applicable to the present case. In that case we said:

"We are unwilling at this time to substitute our judgment for his, particularly in view of the fact that if it is at any time made to appear to him that the above provision is not for the best interests of the child, when considering the rights of the parents, a new decree may be made by him."

Section 12739, 3 Comp. Laws 1929 (Stat. Ann. § 25.97), reads as follows:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and

make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children, shall require.''

No facts have been shown in the present case to warrant the court in changing the custody of the children from plaintiff to defendant, and the decree of the trial court is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.