## JANSEN v. JANSEN.

1. DIVORCE—MODIFICATION OF DECREE—BURDEN OF PROOF—EVIDENCE.
   Whether or not petitioner made a sufficient showing of changed financial condition so as to entitle him to reduction of amount of alimony payable under divorce decree was primarily for the trial court to determine, especially where the parties have been before the court many times during the last seven or eight years and the court has consistently refused to modify the decree for either party heretofore.

2. SAME—ALIMONY—PROPORTION OF INCOME—SUPPORT OF MINOR CHILDREN.
   Notwithstanding the fact that three of the four children of parties to suit for divorce were over 18 years of age and either employed or attending college, requirement of decree that defendant pay $15 a week alimony, a sum less than one-third of his income according to his own testimony, was not unreasonable where home still has to be maintained for 14-year-old son then in his second year of high school.

3. SAME—LIEN ON PROPERTY FOR PAYMENT OF ALIMONY.
   Lien imposed on defendant's property to secure payment of alimony is released where it is an unnecessary and unjust burden under the circumstances.

4. SAME—COSTS.
   No costs are awarded where plaintiff wife is successful in defeating defendant husband's petition for modification of decree where he has heretofore paid several hundred dollars in costs and attorney fees for plaintiff.

Appeal from Kent; Brown (William B.), J. Submitted October 18, 1940. (Docket No. 109, Calendar No. 41,329.) Decided February 7, 1941.

Bill by Katie Jansen against John Jansen for separate maintenance. On petition for modification of amended decree granting a divorce. From order denying modification, defendant appeals. Modified and affirmed.

*Carmody, Geib & Walsh,* for plaintiff.

*John M. Dunham,* for defendant.

CHANDLER, J.  A decree providing for separate maintenance between these parties was entered in July, 1933, and an amended decree was filed in November, 1935, providing for an absolute divorce, and granting custody of the four children and a house to plaintiff.  Among other provisions defendant was to pay $15 per week for the support of the children.  The decree also provided that after one year, or at any time when any of the children reached the age of 18 years, defendant might apply to the court for a reduction of the amount of payments.  Several petitions have been filed by both plaintiff and defendant to amend the decree but all have been denied.  The last petition of the defendant was denied on October 10, 1939, from which this appeal is taken.  Defendant alleges that the oldest son had finished high school three years before and was earning $12 a week; that the second son was working and earning more than $15 per week; and that the 18-year-old daughter was employed at a salary of $50 per month.  The fourth child, Raymond, was 14 years old at the time the petition was filed and in his second year in high school.  Defendant alleges also that his gravel business has been affording him only a meager income of about $29 per week, and that he is about to lose some of his property through tax sales, and is unable to keep up the weekly payments of $15.

Defendant also receives monthly rents of $70 from a house and barn.  It is claimed by him that plaintiff's improved position, because of the employment of three of the children, and his weak financial condition warrant the reduction of the amount of ali-

mony to a nominal and reasonable sum for the support of the one minor child.

The trial court was thoroughly acquainted with all the facts and circumstances involved as the parties have been before the court many times in the past seven or eight years. It is primarily a question for the trial court to determine whether the defendant made an adequate showing of a changed financial condition, and that tribunal has consistently refused to modify the decree for either party.

It is true that even though three of the four children are over 18 and either working or going to college a home must be maintained for the youngest son. The sum of $15 a week is not an unreasonably large amount for this purpose. Under the circumstances of this case, the other children cannot be compelled to contribute toward the upkeep of the home. They have personal expenses and are saving what they can out of their small wages to provide for their educational advancement. The amount defendant is required to pay in alimony is less than one third of his income as figured from his own testimony. We do not feel justified, in view of the evidence presented, in reversing the order of the trial court.

As to the lien imposed on the defendant's property to secure payment of the alimony, we think it is an unnecessary and unjust burden in this case and that it should be and hereby is released. Otherwise the order is affirmed.

The record discloses that defendant has already heretofore paid several hundred dollars in costs and attorney fees for plaintiff and, therefore, no costs will be allowed.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.