KANE *v.* KANE.

1. DIVORCE—CHANGE OF CIRCUMSTANCES—ALIMONY—CUSTODY OF CHILDREN.

   A material change in circumstances justifies a trial court in amending a divorce decree insofar as alimony and custody of children are concerned.

2. SAME—CUSTODY OF CHILDREN—CONTRACT BETWEEN PARENTS— MODIFICATION OF DECREE.

   While a contract between divorced parents relating to the custody of their children should be given serious consideration by the court, it does not preclude the court from subsequently modifying the decree relating to the custody of children.

3. SAME—CHANGE OF CIRCUMSTANCES—EVIDENCE.

   Whether or not a plaintiff husband makes an adequate showing of his changed financial condition and of defendant wife's change of status is primarily for the trial court.

4. Same—Custody of Children—Frequency of Father's Contact with Son.

   Evidence adduced on second petition to amend decree of divorce relative to custody of minor child of parties *held*, to support finding of trial court that welfare of boy, now 8½ years old, would be best subserved by specific opportunity for more and prolonged visits with father where it appears both parties have remarried, father has sought more frequent contact in the face of constant opposition, and he is not shown to be an unfit person to have contact with the child.

5. Same—Costs—Wife's Appeal—Custody of Children.

   No costs are allowed upon affirmance of amended decree increasing frequency and duration of 8½-year-old son's visits with father where wife was unsuccessful in securing reversal on appeal.

Appeal from Bay; Leibrand (Karl K.), J. Submitted April 10, 1946. (Docket No. 71, Calendar No. 43,349.) Decided May 13, 1946.

Divorce proceedings by Stanley Kane against Emily Kane. On petition of plaintiff to amend decree granted defendant. Decree amended. Defendant appeals. Affirmed.

*Oscar W. Baker, Jr.,* for plaintiff.

*A. H. McMillan,* for defendant.

Sharpe, J. On July 2, 1941, plaintiff, Stanley Kane, instituted a suit for divorce. Defendant, Emily Kane, filed an answer and subsequently filed a cross bill. A divorce was granted defendant on March 3, 1942.

Prior to the granting of the divorce, the parties entered into an agreement by which defendant was to receive the sum of $7 per week for the care and support of John Kane, the minor child of the parties, born in 1938. Defendant also received the house-

hold furniture and the sum of $900, the proceeds of the sale of the home of the parties. The parties agreed and it was inserted in the decree that:

"1. Defendant shall have the care, custody and education of John Kane, now aged four years, the child of said parties, but plaintiff shall have the right to visit said child at any reasonable time or times and may take him at reasonable times, but not to stay overnight without defendant's permission."

On June 2, 1942, plaintiff filed a petition to have the decree amended to provide that plaintiff should have the child overnight at such times and on such occasions as the court should deem reasonable and just and also a part of petitioner's vacation period. On June 22, 1942, the court, after a hearing, made an order denying said petition for the reasons that the provisions in the decree relating to the custody of John Kane had been made in accordance with a written agreement signed by both parties and for the further reason that there had been no change in the circumstances of the parties to justify an amendment to the decree.

Subsequent to the entry of the above order, plaintiff went into the military service and remained there for a period of 29 months, ending such service in September, 1945. In the meantime, defendant remarried and she and her husband are now living in Saginaw. Plaintiff also remarried and he and his wife are presently living at the home of his wife's parents in Saginaw.

On November 23, 1945, plaintiff filed a petition for further rights of visitation, alleging in this petition that he has had difficulty in visting his son; that defendant has asked plaintiff to give up his rights to visit his child; and that he has paid doctor and hospital bills incurred for the benefit of the child. Defendant filed an answer to this petition and alleges

that she has fully complied with the terms of the divorce decree. Testimony was taken on the petition and answer. At the conclusion thereof, the trial court on December 24, 1945, amended the decree in the following manner:

"2. It is ordered that plaintiff, Stanley Kane, shall have the possession of said minor child on Christmas Day in 1945 and each year thereafter until the further order of the Court, from the hours of 2 p.m. to 5 p.m.

"3. It is further ordered that beginning in the month of January, 1946, said plaintiff shall have temporary custody or possession of said minor child on the first and third weekends of each month from the close of school hours on Friday to 6 p.m. on the following Sunday.

"4. It is further ordered that said plaintiff, Stanley Kane, shall have the temporary custody or possession of said minor child during the summer vacation period from a period covering the first two weeks in August beginning in the year 1946, and continuing each year thereafter until the further order of the Court.

"5. It is further ordered that plaintiff shall receive no deductions of alimony payments for the time that he is given visitation rights under the amended decree."

Defendant appeals and urges that the trial court was in error in amending the decree because plaintiff's petition did not allege a change of circumstances and the testimony taken in support of said petition does not show a change of circumstances.

Plaintiff urges that the evidence shows the following change of circumstances; and that such change justifies the amendment of the decree.

"1. The remarriage of appellee and a proper home with a private room for the son.

"2. The son is now in school and often away from the personal supervision of his mother at school, at the Y.M.C.A. and summer camp.

"3. The remarriage of appellant and the taking up of a new residence with her husband and the son.

"4. Appellant's refusal and evasions when appellee sought to visit the child.

"5. Appellant's obvious effort to cut appellee away from the child by seeking to have her present husband adopt the child.

"6. Appellant's interpretation of the visitation provision in the original decree to mean that appellee's visits are to be determined by her sole judgment and discretion.

"7. Her very apparent attitude that only she and not appellee can contribute to the child's welfare.

"8. Appellee's service in the Army for 29 months during which time he had little contact with the child.

"9. The growing strangeness between the child and appellee."

It is elementary that a material change in circumstances justifies a trial court in amending a divorce decree insofar as alimony and custody of children are concerned. A contract between divorced parents relating to the custody of their children should be given serious consideration by the court, but does not preclude the court from subsequently modifying the decree relating to the custody of children. See *Coyle* v. *Coyle*, 221 Mich. 76, and *West* v. *West*, 241 Mich. 679.

In *Lester* v. *Lester*, 266 Mich. 551, plaintiff husband filed a petition to amend the divorce decree for the purpose of reducing alimony. We there said:

"Whether plaintiff made an adequate showing of his changed financial condition and of defendant's change of status was primarily for the trial court."

In *Jansen* v. *Jansen*, 296 Mich. 296, we said:

"The trial court was thoroughly acquainted with all the facts and circumstances involved as the parties have been before the court many times in the past 7 or 8 years. It is primarily a question for the trial court to determine whether the defendant made an adequate showing of a changed financial condition, and that tribunal has consistently refused to modify the decree for either party."

In *Adams* v. *Adams*, 281 Mich. 448, we said:

"Plaintiff complains because the decree, although awarding her custody of the minor son, permits defendant to have the custody on Saturday and Sunday afternoons and for a month in the summer. The record does not indicate that the provision is unfair and, if it does not work well, the court may change it on application and showing."

In the opinion filed by the trial court we find the following:

"In March, 1943, plaintiff remarried. In April, 1943, plaintiff entered military service and remained in service until September, 1945. In February, 1945, defendant wife remarried. Both plaintiff and defendant make their homes in the city of Saginaw. Defendant has sought plaintiff's consent to the adoption of the child by herself and her present husband, but plaintiff has refused such consent.

"In November, 1945, plaintiff filed his present petition asking that his visitation rights be specifically defined and substantially enlarged. Defendant again opposes the petition and maintains that she has been reasonable in granting visitation rights and has in no way violated the decree of the court.

"Without passing on the reasonableness or the unreasonableness of the visitation rights that defendant has permitted plaintiff, the court is of the

opinion that plaintiff's petition should be granted in substance. Plaintiff is an insurance salesman who is regularly employed, and there is no showing whatever that he is an unfit person to have contact with the child. Both parents appear to be high caliber, well educated individuals, who have great interest in the child's welfare.

"If change of circumstances be required to change decree provisions, they are present in this case. The child was less than 5 years old when the decree was signed—he is now 8½ years old and in regular attendance at school. * * * He attends Sunday School, weekly Y.M.C.A. swimming classes, and will spend much of next summer's vacation at a Y.M.C.A. summer camp away from the personal supervision of his mother.

"At the time of the divorce plaintiff had only a room in a rooming house in Bay City. He is now married and occupies a home where the child can be received. With respect to defendant's claim that plaintiff has evinced no great interest in the child in the past, the voluminous record shows otherwise. In fact the record established that plaintiff, since the inception of this case, has been seeking closer and more frequent contact with the child in the face of constant opposition from defendant. * * *

"Not only does the plaintiff have a legal right to specific and definite times for access to his child, but the child has a legal right to frequent and pleasant contact with his father. In the opinion of the court the future welfare of the child will be best subserved by making definite provision for the exercise of such rights."

We have examined the record and conclude that the facts as found by the trial court and enumerated in his opinion are supported by the record. In our opinion such a change in conditions, in addition to the well known fact that a boy of the age of eight

years or over needs the companionship of his father more than he does during the very early years of his life, warrants the amendment of the decree.

The decree of the chancery court is affirmed, but without costs.

Butzel, C. J., and Carr, Bushnell, Boyles, Reid, North, and Starr, JJ., concurred.