# STATE OF MICHIGAN

# COURT OF APPEALS

SIMONA CAMPEAN,

      Plaintiff-Appellee,

v

MARIAN CAMPEAN,

      Defendant-Appellant.

UNPUBLISHED
July 27, 2017

No. 335861
Macomb Circuit Court
Family Division
LC No. 2008-003531-DM

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right an order denying his motion for a change of parenting time. We affirm.

In 2009, the parties divorced and were awarded joint legal and joint physical custody of their child (MC), who was one year old at the time. According to the consent judgment of divorce, defendant's parenting time included a continuously rotating four-week schedule consisting of 10 overnight stays during the four-week period. In 2012, the parties entered into a consent order to modify defendant's parenting time so that it would align with the Sixteenth Judicial Circuit Court of Michigan Family Division Reasonable Parenting Time Schedule. At the time, defendant's work schedule prevented him from following the four-week parenting time schedule defined in the judgment of divorce. Pursuant to the consent order, defendant's parenting time was reduced to six overnights per month during the school year and eight overnights per month during the summer, plus a holiday and vacation schedule. In August of 2016, defendant filed a motion for a change of parenting time claiming there was a change of circumstances. According to defendant, his work schedule was now more flexible, he had moved into a new house with his fiancée and their three-year-old son, and his mother would be moving from Romania to live with him at least nine months out of the year. Due to these changes, defendant claimed he was entitled to equal parenting time.

The referee determined that because he sought equal parenting time, defendant's motion was premised on a change of custody and entered a recommended order denying his motion for failure to show a threshold proper cause or change of circumstances sufficient to warrant a change of custody hearing. When defendant filed his objection to the recommended order, he requested either a change of custody by way of equal parenting time or, in the alternative, some

-1-

increase in parenting time that would not amount to a change of custody. The trial court determined that defendant had not met the threshold burden for a hearing on either a change in custody or a change in parenting time. The trial court ordered that the referee's recommended order denying defendant's motion be adopted in its entirety.[1]

Pursuant to MCL 722.27(1)(c), a trial court "[m]ay modify or amend its previous judgments or orders for proper cause shown or because of a change of circumstances." Therefore, a party seeking a change in custody must first establish proper cause or a change of circumstances "*before* the trial court can consider whether an established custodial environment exists (thus establishing the burden of proof) and conduct a review of the best interest factors." *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003). If a party fails to provide proper cause or a change of circumstances, "the trial court is not authorized by statute to revisit an otherwise valid prior custody decision and engage in a reconsideration of the statutory best interest factors." *Id*. at 508-509 (citation and quotation marks omitted).

Defendant does not dispute that his request for equal parenting time would result in a change of custody, but contends that he has met the threshold showing of a change in circumstances sufficient for the trial court to revisit the previously existing custody order. "The purpose of the proper-cause or change-of-circumstances requirement is 'to erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders.' " *Frowner v Smith*, 296 Mich App 374, 384; 820 NW2d 235 (2012) quoting *Vodvarka*, 259 Mich App at 509. To establish a change of circumstances, the "movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant effect* on the child's well-being, have materially changed." *Vodvarka*, 259 Mich App at 513. "[T]he evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Id*. at 513-514.

The last custody order was entered in 2012, and, at that time, defendant was traveling approximately 45 nights out of the year and worked long hours. Now, defendant claims that his work schedule has become more flexible and that he spends, at most, four nights traveling each

---

[1] We review this discretionary ruling in a custody dispute for an abuse of discretion. *Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003). "In child custody cases, '[a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias.' " *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010), quoting *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). A trial court's findings of fact are reviewed under the great weight of the evidence standard, meaning the trial court's factual findings must stand "unless the evidence clearly preponderates in the opposite direction." *Vodvarka*, 259 Mich App at 507 (quotations and citation omitted). We review questions of law for clear legal error. *Id*. at 508. "A trial court commits a clear legal error when it incorrectly chooses, interprets, or applies the law." *Id*. (quotations and citation omitted).

year. Additionally, defendant claims there has been a change of circumstances because he now lives in a stable family living environment, i.e., he bought a house with his fiancé where they raise MC's half-brother. Finally, defendant claims that his mother is living with him for at least nine months out of the year and that she can help care for MC when defendant is at work. Despite defendant's claim to the contrary, these kinds of changes can be appropriately characterized as those normal life changes that occur during the life of a child. Changing employment, or the schedule of one's employment, is something that a child's parent will normally confront at some point. Additionally, moving to a new home and a parent's plan to re-marry are both common changes in a child's life. There is nothing that proves these changes will almost certainly have an effect on the child. As the trial court properly pointed out, these changes focus on defendant and his schedule, rather than on MC and her environment, behavior, and well-being. Accordingly, the trial court did not abuse its discretion when it denied defendant's request for an evidentiary hearing to determine whether equal parenting time was in MC's best interest.

Whether the trial court erred in denying defendant's request for a minor increase in his parenting time that would not amount to a change in custody presents a much closer call. Unlike the standard set forth in *Vodvarka*, normal life changes may very well amount to a change of circumstances warranting the modification of parenting time. *Shade v Wright*, 291 Mich App 17, 30-31; 805 NW2d 1 (2010). The focus of parenting time is on a strong relationship between the child and his parents. See *id.* at 29. Additionally, "[e]ven ordinary changes in the *parties'* behavior, status, or living conditions might justify a trial court in finding that a previously imposed condition is no longer in the child's best interests." *Kaeb v Kaeb*, 309 Mich App 556, 571; 873 NW2d 319 (2015) (emphasis added).

Therefore, defendant is correct that substantial changes in a parent's schedule can be a consideration in determining whether that parent has made a sufficient threshold change in circumstances showing to justify a parenting time hearing. A significant change in availability can be a consideration when ruling on a motion for an increase in parenting time. However, in this case we do not believe the trial court's ultimate decision that defendant had not met the threshold showing for a parenting time hearing constituted an abuse of its discretion.[2] The changes that defendant points to since 2012 do amount to normal life changes, but he has not shown how they affect MC to such an extent that a modification of parenting time is warranted. The parenting time schedule in place at the time of defendant's August motion was roughly equal to the Sixteenth Judicial Circuit Court of Michigan Family Division Reasonable Parenting Time Schedule, and it allowed defendant over 100 days of parenting time per year. While these changes show an increase in his availability, defendant has not articulated how they will prevent him from being able to foster and develop a healthy relationship with MC under the current parenting time arrangement. It is commendable that defendant seeks more time with his daughter, but given the absence of any showing that the current parenting time schedule, which

---

[2] The trial court's determination on parenting time is a discretionary ruling reviewed for an abuse of discretion. *Diez v Davey*, 307 Mich App 366, 389; 861 NW2d 323 (2014).

is in conformity to trial court's reasonable parenting time schedule, prevents him from fostering that relationship the trial court's denial of his request is not an abuse of discretion.[3]

Defendant's reliance on our opinion in *Shade* and on the Supreme Court's opinion in *Kane v Kane*, 314 Mich 529; 22 NW2d 773 (1946) is misplaced as each case is distinguishable. An important fact in *Shade* was that the parents lived in different states, and extensive travel was required in order to accommodate the exercise of parenting time. *Shade*, 291 Mich App at 29-30. For that reason, we held that a modification of parenting time was warranted because the existing parenting time schedule was no longer feasible due to the distance between the parents' homes, the child starting high school, and the fact that the schedule prevented the child from engaging in certain extracurricular activities. *Id*. at 29-31. Here, the parenting time schedule already fosters MC's relationship with both parents. Concerning *Kane*, in addition to the fact that it preceded the current statutory framework as applied in *Vodvarka* by nearly 60 years, the facts are distinguishable because the father in that case had no set parenting time schedule, and, after he came home from the war, he had difficulty visiting his son, in part, because the mother was attempting to have her new husband adopt the child. *Kane*, 314 Mich at 531-534. There are no facts that suggest defendant is unable to foster a relationship with MC, as was the case in *Kane*.

In sum, the trial court did not abuse its discretion in denying defendant's request for a change in parenting time, including its denial of his request for an increase in his parenting time that would fall short of a change in custody.

Affirmed.

/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro

---

[3] At the hearing, formal testimony was not offered, but the parties were placed under oath and were permitted to speak. Defendant argues that we should direct the trial court to conduct a full evidentiary hearing. However, virtually all of defendant's claims regarding the change in his work schedule and life style were undisputed. Thus, the trial court did not have to resolve factual disputes. Rather, it had to determine, based upon the largely undisputed facts, whether a change in parenting time was justified.