## EVA WHITE
### *vs.*
## PHILLIP WHITE

Superior Court New Haven County File No. 61601

MEMORANDUM FILED NOVEMBER 2, 1942.

*A. Robert Levett,* of New Haven, for the Plaintiff.

*Harry R. Cooper,* of Meriden, for the Defendant.

Memorandum of decision on motion for further allowance to prosecute and for alimony *pendente lite* and support.

MUNGER, J. The wife in this action sued for divorce and judgment was granted for the defendant on July 3, 1942.

In this action the court made an allowance to the plaintiff to prosecute and also ordered an allowance for support *pendente lite*. The plaintiff has taken an appeal from this decision of July 3, 1942, and now moves that a further allowance to prosecute be made and that alimony *pendente lite* may be ordered to be continued during the pendency of the appeal.

An allowance for the wife to prosecute her divorce action when she is without funds is customarily made and also an allowance for support *pendente lite* is of the same character. An allowance for support is based on the theory that the wife has a right to continue to exist until the litigation is finished. There is no difference in the character of these two allowances and both rest in the sound discretion of the court.

The rule is clear in the case of *Valluzzo vs. Valluzzo,* 104 Conn. 152, 155. There the court states: "The expense necessary for the wife to carry on her own action for divorce or separation, or to defend the action against her for a divorce or annulment of the marriage, is usually allowed the wife; this is a recognized part of our procedure. Whether an allowance to defend should be allowed or not is within the sound discretion of the trial court."

Manifestly, as above stated, there is no difference in the character to defend and allowance to prosecute. The defendant says the court may not now in the instant case, however, order an additional allowance to prosecute or continue the support of the wife *pendente lite*. This position cannot be sustained upon the authority of the *Valluzzo* case. It is there said it is for the court to say whether there is reasonable ground for viewing the appeal as one that has sufficient merit to warrant an additional allowance to prosecute.

It seems that the court should examine the appeal record and then decide whether or not in its discretion an additional allowance should be made. "If, however, it appears from the record on appeal that the appeal is wholly without merit, an allowance will not be made with which to prosecute the appeal." *Valluzzo vs. Valluzzo, supra,* p. 155.

It seems clear, therefore, that the court upon this present

motion of the plaintiff for an additional allowance to present and for further alimony *pendente lite* should wait until it has an opportunity to examine the draft finding on appeal. The court may then find whether or not there is sufficient merit to the appeal to warrant the exercise of its discretion in making further allowances. To this end the plaintiff may *renew* the motions now made after submitting to the court appeal record as above stated.

Memorandum of decision on further argument on motion for further allowance to prosecute and alimony *pendente lite* and support.

### MEMORANDUM FILED NOVEMBER 23, 1942.

On November 2, 1942, the court, upon argument of the motion entitled above, filed a memorandum pointing out that it could make no allowance as claimed unless it appeared to the court that the appeal to the Supreme Court which had been taken had sufficient merit to justify the allowances. The draft finding has now been filed and the plaintiff has claimed that this draft finding shows that there is sufficient merit to the appeal to justify the court in granting the allowances.

A reading of the draft finding and a review of the transcript of evidence in the opinion of the court conclusively discloses that the petition for divorce was denied upon conflicting testimony and there was ample ground for the decision of the court in favor of the defendant. I see nothing in the appeal which is not in effect an attempt to avoid the conclusion of the court upon these disputed questions of fact. I do not think the appeal presents a question of law of any such merit as would justify the court in its discretion to grant the motion for the allowances as prayed for, and such motions must and they are hereby denied.