ROBINSON v. ROBINSON.

· [72 South. 923.]

1. DIVORCE. *Alimony. Custody of children. Proceeding to modify decree. Payment of wife's counsel fees.*

The allowance of alimony is justified by the natural obligation of the husband as the bread winner of the family, to support his wife. If there is no legal marriage of the parties, there is no legal obligation on the husband for this support or for alimony.

2. DIVORCE. *Custody of children. Proceedings to modify decree. Payment of wife's counsel fees.*

Where a husband and wife have been divorced and the wife allowed alimony in a gross sum, the husband is not liable for the wife's counsel fees in a subsequent proceeding to modify the final decree in the divorce proceeding so as to award the custody of the children to the wife, since the parties were then legally strangers to each other and there being no statutory authority for such an allowance.

APPEAL from the chancery court of Lauderdale county. HON. SAM WHITMAN, JR., Chancellor.

Suit by Dr. B. L. Robinson against Mrs. M. A. Robinson. From an interlocutory decree allowing Mrs. Robinson for counsel fees, Dr. Robinson appeals.

This is an appeal from an interlocutory decree of the chancellor requiring appellant to pay appellee one hundred dollars solicitor's fee. It appears from the record that Mrs. M. A. Robinson, appellee herein, sued her husband, the appellant, for a divorce in the year 1910, and the prayer of her bill was upon due hearing granted. Just before the decree of divorce was granted the parties entered into a written agreement as to the amount of alimony, both temporary and permanent, and this agreement was by the court approved, and the terms thereof were incorporated into the final decree. By this decree appellee was awarded alimony in a gross sum, to wit, four thousand two hundred and fifty dollars payable however, in certain installments. In addition to the gross sum awarded appellee, the decree further provided that appellee should have the custody of her two minor children, and that appellant should pay certain stipulated sums for

the maintenance and support of the children. The court expressly reserved the right to alter or change the decree as to the care and custody of the children. In 1914 appellant filed petition in the same court seeking a modification of the decree in reference to the custody of the children, representing that the children were of such age that they demanded a public school education, and such degree of maturity that appellant could have them cared for by a matron, and could provide for them in his own home much cheaper and better than could be done under the conditions which then obtained. The appellee answered this petition, denying the material portions thereof, and in answering she presented a written application or motion asking the court to award her a reasonable sum as solicitor's fee with which to contest appellant's petition for the custody of the children. In her motion the fact is disclosed that she still has one thousand eight hundred dollars of the four thousand two hundred and fifty dollars alimony originally awarded her. The court allowed an attorney's fee of one hundred dollars, and to the rendition of this decree appellant objected, and prayed for and obtained an appeal to settle the principles of the case.

*B. M. Deavours, Stone Deavours* and *D. B. Cooley,* for appellant.

STEVENS, J., delivered the opinion of the court.

The allowance of alimony is justified by the natural obligation of the husband, as the bread winner of the family, to support his wife. If there is no legal marriage of the parties, there is no legal obligation on the husband for this support. *Reed* v. *Reed* 85 Miss. 126, 37 So. 642. The parties hereto were divorced in the year 1910, and are now in the eyes of the law strangers one to the other. The petition which appellant filed in the court below, and which prompted the allowance of the attorney's fee complained of, was

not a petition for a divorce, but one purely and simply for the custody of the children. It was the same issue that is frequently presented by *habeas corpus*. At the time it was presented, appellant had been freed of the primary moral and legal obligation to contribute to his wife's support and, without a statute justifying it, the court had no authority to award solicitor's fees in this case, and his action in so doing constituted error. Not only was there an absence of those obligations imposed by the marriage ties, but appellee in her very motion shows that she has a separate estate derived from the husband as a part of the gross sum awarded as permanent alimony. Our court has expressly held that this constitutes "a settlement between the husband and the wife as to the extent of the husband's duty to contribute to her maintenance and support," and that the decree awarding a lump sum as permanent alimony "is final after the term at which it is rendered." *Guess* v. *Smith,* 100 Miss. 457, 56 So. 166, Ann. Cas. 1914A, 300.

It may be that the circumstances of this case suggested to the learned chancellor that appellant should be chivalrous enough to employ counsel for both parties; that in again entering the open door of the court, he should be considerate enough of his former wife to pay the admission fee of both and in doing so to adopt the "pay-as-you-enter system." We ourselves would promptly yield to this suggestion if there was any legal basis at all for it. But just why appellee should have thought of such a demand is a matter of speculation, unless her memory of former days and the marriage obligations that once existed gives a touch of reality to the familiar couplet:

"You may break, you may shatter the vase if you will,

But the scent of the roses will hang round it still."

*Reversed and remanded.*