CHIARA IANNUZZI VALLUZZO vs. MICHELE VALLUZZO.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

The refusal of the defendant to permit the plaintiff, his wife, to keep in their home an infant child, who belonged to her brother and to whom she was deeply attached, did not, as a matter of law, constitute intolerable cruelty entitling her to a divorce; whereas, her own conduct in leaving the defendant's home and in refusing for more than three years to return unless he permitted her to bring the child with her, justified the trial court's conclusion that he was entitled to a divorce on the ground of wilful desertion.

In an action by or against a wife for a divorce or for the annulment of the marriage, she may be said to be a privileged litigant and it is within the sound discretion of the trial court to order from time to time, as the exigencies of the case may require, that her husband pay her an allowance to meet the expenses of prosecuting or defending the action.

In passing upon a motion for an allowance, the trial court will not ordinarily inquire into the merits of the case; but if the motion is made after judgment has been rendered against the wife and for the purpose of enabling her to prosecute an appeal to this court, the trial court may deny it upon the ground that on the face of the record, the appeal is without merit; and a ruling so made is final unless it constitutes an unreasonable exercise of discretion.

If the trial court's memorandum of decision clarifies or explains a ruling otherwise ambiguous, it may be examined by this court.

In the present case, the trial court refused to grant the plaintiff an allowance to prosecute her appeal to this court solely on the ground that the proper time to pass upon her motion was after, and not before, the outcome of the appeal. *Held* that the trial court erred.

Argued January 19th—decided February 23d, 1926.

ACTION for divorce upon the grounds of alleged desertion and intolerable cruelty, brought to the Superior Court in Fairfield County and tried to the court, *Booth, J.*, after the defendant had filed a cross-complaint praying for a divorce upon the ground of the plaintiff's desertion; judgment rendered for the defendant upon the complaint and for a divorce upon his cross-complaint, from which the plaintiff appealed. After judgment the plaintiff made a motion for an allowance to defend, which the court (*Hinman, J.*) denied, from which decision the plaintiff also appealed. *No error on the appeal from the judgment; error on the appeal from the denial of the motion.*

The finding discloses these facts: The parties were married at Danbury on April 8th, 1920. After boarding a few months, they, on October 1st, 1920, took up their residence in an apartment in Danbury provided by the defendant. By the acquiescence of the defendant the plaintiff kept at their home a baby child of her brother, at the brother's expense, to which child the plaintiff was greatly attached. The presence and crying of the baby greatly annoyed the defendant and prevented his sleep. His landlord notified the defendant that the baby annoyed him and prevented his sleep and unless the crying stopped they would have to move. The defendant told the plaintiff on several occasions between October 1st and October 25th, 1920, that she must send the baby away, but she refused to do this. On October 25th, 1920, the plaintiff left the home of the defendant with the child, and has since refused to return. The defendant maintained his home in the apartment for two years longer, and was always willing to receive his wife there and support her if she would not bring the child, but she refused to return unless she could bring and have the child with her. The defendant on two occasions inflicted

slight physical injury on the plaintiff while they were boarding.

From the foregoing facts the court concluded: "(1) The defendant did not desert the plaintiff. (2) The defendant did not commit any acts of intolerable cruelty to the plaintiff. (3) The plaintiff, on October 25th, 1920, wilfully deserted the defendant without just cause and has continued her desertion with total neglect of all the duties of the marriage covenant on her part to be performed, to the date of the complaint in the action, being for more than three years."

*Chester H. Brush,* for the appellant (plaintiff).

*J. Moss Ives,* for the appellee (defendant).

CURTIS, J. The ultimate facts amply support the judgment, and unless they are conclusions that could not legally or logically have been drawn from the facts found, the judgment must stand. We are satisfied that these conclusions were, both legally and logically, supported by the facts found. The plaintiff, in brief and argument, claims that on the facts found she was entitled to a divorce for intolerable cruelty, and that such a conclusion was logically necessary because the defendant would not permit her to keep the baby to which she was so deeply attached; and further, that such refusal justified her in living apart from her husband. These claims are so obviously without merit that they do not justify discussion.

There remains for consideration the appeal of the wife, the plaintiff, from the denial by the court, *Hinman, J.,* of her motion, after judgment, for an allowance to defend. Such a motion necessarily relates to her defending by an appeal. In the special finding

relating to this matter, the court finds that the wife is without independent means, although able to provide for herself by her own exertions, and that the defendant has ample means to aid her in prosecuting her appeal.

The expense necessary for the wife to carry on her own action for divorce or separation, or to defend the action against her for a divorce or annulment of the marriage, is usually allowed the wife; this is a recognized part of our procedure. Whether an allowance to defend should be allowed or not is within the sound discretion of the trial court. Keezer on Marriage & Divorce (2d Ed.) § 711·*et seq.*

An allowance to defend may be ordered from time to time as the exigencies of the case may require. In making such an allowance the court will not ordinarily inquire into the merits of the action, for in matrimonial causes it is often said that a wife is a privileged litigant. *Idem,* § 713. If, however, it appears from the record on appeal that the appeal is wholly without merit, an allowance will not be made with which to prosecute the appeal. *Friend* v. *Friend,* 65 Wis. 412, 27 N. W. 34.

In March, 1925, after trial and after a finding by the trial court had been filed, the plaintiff made an application for an allowance to defend. The defendant opposed an allowance on the ground that the appeal was without merit and not taken in good faith. The plaintiff, in support of her claim for an allowance, made this claim of law, that the court in determining the question of an allowance to prosecute an appeal, should confine itself to the consideration of whether or not the plaintiff in her complaint has a good cause of action and should not attempt to pass on the question of law involved in the appeal; that is, that the court should not consider whether or not, on the appeal

record, the appeal was without merit. The court over-ruled this claim and denied the motion.

If the court had denied the motion because on its examination of the record on appeal, it ruled that on the face of the finding the appeal was without merit, its action would have been a legal exercise of its discretion, from which no appeal would lie unless its exercise of discretion was unreasonable.

An examination of the memorandum of the court on this motion discloses that the court denied the motion for another reason, which it states as follows: "However she proceeded to trial without so moving [for an allowance] and makes this motion only after judgment against her and pending, and apparently for the purpose of aiding, an appeal from this judgment to the Supreme Court of Errors. The good faith as well as the merit of this appeal is emphatically questioned by counsel for the husband. These questions will be, incidentally, resolved by the outcome of the appeal and the matter of allowance may well await this result. The motion is denied, without prejudice to its renewal if justified by the result of the appeal."

A memorandum of decision may be read by us, where necessary to understand a ruling clearly. *Rowell v. Stamford Street Ry. Co.*, 64 Conn. 380, 30 Atl. 131.

The plaintiff filed the following reason of appeal: "6. The court erred and mistook the law in holding that the granting of an allowance to properly prosecute her appeal from the decision of the trial court should await the decision of the Supreme Court of Errors upon the said appeal." The action of the trial court set forth above was a refusal to entertain and definitely to pass upon the motion for an allowance, and was erroneous.

The trial court should have made an allowance, or denied it and definitely ruled on the claim that, upon

the appeal record, the appeal was without merit, thus giving the plaintiff an opportunity to attack that conclusion. Under the court's ruling as it appears in the excerpt from the memorandum, the plaintiff was not given her day in court upon that question.

There is no error on the appeal from the judgment.

There is error on the motion for an allowance, and the cause is remanded with direction to the Superior Court to allow the plaintiff a reasonable sum for the prosecution of her appeal.

In this opinion the other judges concurred.