CHARLES H. MORGAN *vs.* FLORENCE MORGAN.

First Judicial District, Hartford, March Term, 1926.

WHEELER, C. J. CURTIS, MALTBIE, HAINES and ELLS, JS.

Even though the Superior Court has no jurisdiction over an action of divorce because of the failure of the parties, or either of them, to meet the requirements of Chapter 227 of the Public Acts of 1923 as to residence in this State, it may, nevertheless, during the pendency of the action, order the husband to pay the wife allowances to enable her to maintain her defense in the trial court or to resist an appeal to this court; but when strictly final judgment is entered, dismissing the cause for want of jurisdiction, the power of the Superior Court to make such an order terminates.

It is established in this State that the allowance of costs or counsel fees is a judicial act which no court has the power to perform after strictly final judgment has been rendered; and it is the general rule in other jurisdictions that, even where the court has complete jurisdiction over an action for divorce, it has no power to order allowances to defend after the case has proceeded to final determination.

The constitutional jurisdiction of the Supreme Court of Errors is limited to the review of questions of law and does not embrace

the function of weighing and finding facts which are involved in the determination of a motion for an allowance to defend an appeal in an action for divorce. Such a motion must, therefore, be addressed to the Superior Court.

Argued March 3d—decided May 7th, 1926.

APPEAL by the defendant from the denial by the Superior Court in Hartford County (*Simpson, J.*) of her motion that the plaintiff be directed to pay her a sum by way of an allowance to defend an appeal taken to this court by the plaintiff from a judgment dismissing his complaint for a divorce for want of jurisdiction. *No error.*

*Roger Wolcott Davis,* with whom was *Henry C. Stone,* for the appellant (defendant).

*Albert S. Bill,* for the appellee (plaintiff).

HAINES, J. The plaintiff brought a divorce petition to the Superior Court, the first Tuesday of May, 1924. The court, on May 29th, 1924, ordered the plaintiff to pay the defendant $50 for the defense of the action. On June 5th, 1924, the defendant filed a cross-bill for divorce on the ground of desertion, claiming custody of child and alimony; and the parties were at issue upon the cross-bill. November 20th, 1924, the court dismissed the case for want of jurisdiction and ordered an additional allowance to the defendant, of $157.18, to cover cost of depositions. December 12th, 1924, the defendant moved for a further allowance for defense, which motion was prior to the allowance of the plaintiff's appeal. This motion was denied December 19th, 1924, but no appeal was taken therefrom. January 6th, 1925, the plaintiff appealed the case and the defendant filed a cross-appeal. While these were pending—February 3d, 1925—the defendant moved in the

Superior Court for an allowance to defend the plaintiff's appeal. This was denied February 6th, 1925, "without prejudice to the right (if any) of defendant to make a similar motion in the Supreme Court," which motion was made in this court March 9th, 1925. On July 30th, 1925, this court affirmed the judgment of the Superior Court in dismissing the case for want of jurisdiction. In the opinion filed by this court, we said: "From the fact that the Superior Court was without jurisdiction to hear and determine this action of divorce, it follows that it had no jurisdiction to make any order as to the custody of the child. . . . We are of opinion, however, that the court did have jurisdiction to make the orders for an allowance and for an additional allowance to defend. Such orders are made in divorce actions because the interest of the State requires that the defendant wife should have full opportunity to present her version of the facts; whether that may lead to a judgment on the merits or to a dismissal of the complaint for want of jurisdiction, the public interest is served. The motion for allowance to defend in this court as appellee may be addressed to the Superior Court."

On September 11th, 1925, the defendant moved in the Superior Court for an allowance for defense of the plaintiff's appeal, which the court, on October 7th, 1925, denied, and from the denial of this motion the defendant now appeals to this court. The conclusion of the Superior Court was two-fold, viz.: (1) that when this motion was made the case had gone to final judgment so that court had no further jurisdiction of the subject of the action or over the parties, and was without power to enforce an order if made, and (2) that the defendant was not reasonably entitled to a further allowance. These conclusions are the subject of

the first reason of appeal, and if either is sound, the motion was of course properly denied.

The judgment affirmed in this court (103 Conn. 189, 130 Atl. 254) established, finally, that the Superior Court did not have jurisdiction of the parties and so could not give a decision upon the merits of the cause.

The Superior Court had jurisdiction of the subject-matter under the provisions of General Statutes, § 5280, but it was determined that it did not have jurisdiction of the parties by reason of Chapter 227 of the Public Acts of 1923. Notwithstanding this, the Superior Court, while the case was pending and before the lack of jurisdiction of the parties was established by the final judgment, did have power to make allowances to the defendant wife in aid of her defense to the action brought by the husband against her. We have heretofore pointed out that a defendant wife thus proceeded against should not be forced to appear and defend even in a court which was later found to have no jurisdiction, without being accorded the benefit of such allowances for her defense as are provided in other cases of divorce. *Walko* v. *Walko,* 64 Conn. 74, 77, 29 Atl. 223, citing 1 Swift's Digest, 696; *Brown* v. *Allen,* 54 Me. 436; *Thomas* v. *White,* 12 Mass. 367; *Bradstreet Co.* v. *Higgins,* 114 U. S. 262. We therefore held that the allowances which were made to this defendant in the Superior Court before the appeal, were valid. *Morgan* v. *Morgan,* 103 Conn. 189, 197, 130 Atl. 254.

The final motion, and the one furnishing the basis of the present appeal, was made in the Superior Court after final judgment, i. e. after it was determined by this court that the Superior Court was without jurisdictional authority over the parties and without power to enforce its decree for an allowance if one were made,

and hence without power to make the decree. *Clarke's Appeal,* 70 Conn. 195, 209, 39 Atl. 155.

In *Hewitt* v. *Wheeler School & Library,* 82 Conn. 188, 72 Atl. 935, the judgment-file concluded with these words: "It is further ordered and adjudged that, in case an appeal to the Supreme Court of Errors shall be taken from this judgment, and any or all of the parties to this action shall incur any lawful and proper expenses and counsel fees in the trial of said appeal, this court retains jurisdiction of the case for the sole purpose, and only to the extent, of adjudging what allowances, if any, shall be made to the parties, or any of them, for expenses and counsel fees so incurred." We there held that the determination of such allowances was an act of judicial nature, and could not be done by the Superior Court after final judgment.

In the earlier case of *Horton* v. *Upham,* 72 Conn. 29, 43 Atl. 492, the judgment-file, signed by the clerk, contained this clause: "And it is further ordered that reasonable allowance for costs be made." We said, that being a judicial act, the determination as to what should be allowed could not, like those costs the amounts of which are fixed by statute, be left by the court to others to determine, and that such allowances could only be made as "an integral and specific part of the judgment of the court," and the judgment then signed by the court and not by the clerk.

An examination of the authorities and consideration of the briefs and arguments of counsel give us no occasion to doubt the correctness of the position heretofore taken by this court. The Superior Court has power in cases of this character to make allowances for the defense of the action by the wife at any time before the entry of final judgment, or pending appeal, but when lack of jurisdiction is established by the entry of a final judgment, the further judicial act

of making an allowance would be a nullity and could not be enforced. This is in harmony with those decisions which hold that the order for allowance may be made while the appeal is pending. *Rohrback* v. *Rohrback,* 75 Md. 317, 318, 23 Atl. 610; *Lewis* v. *Lewis,* 83 Wash. 671, 145 Pac. 980; *McBride* v. *McBride,* 119 N. Y. 519, 23 N. E. 1065; *Dicus* v. *Dicus,* 131 Md. 87, 101 Atl. 697; *Craig* v. *Craig,* 115 Va. 764, 80 S. E. 507.

As we read them, none of those cases go so far as to hold that the allowance can be made after the entry of a strictly final judgment. Even where the question is not a jurisdictional one, as in the instant case, it is the general rule that an allowance will not be granted after the appeal has gone to a final decision. "The purpose of the statute is to furnish the wife means to carry on her action or to defend the same during the pendency thereof. The allowance looks to the future. There can be no necessity for an allowance to make a defense which has already been made, or solely to pay expenses already incurred." *Beadleston* v. *Beadleston,* 103 N. Y. 402, 405, 8 N. E. 735; 19 Corpus Juris, 231, (note) 233.

It is urged that this court could, while the appeal was pending therein, have made an order for an allowance to defend, and that notwithstanding some conflict in the decisions, the weight of authority supports that view.

The fact that this court did not grant the motion for an allowance, but in our former opinion said, "The motion for allowance to defend in this court . . . may be addressed to the Superior Court," is a clear indication that we were of opinion that we were without jurisdiction to entertain the motion, and that the proper court to entertain such a motion was the Superior Court. This is a necessary holding, since this court is a court for the review of questions of law

and not for the correction or finding of facts, and the determination of a motion of this character must not infrequently require the weighing and finding of facts. *Styles* v. *Tyler*, 64 Conn. 432, 30 Atl. 165. We did not then consider the question of the jurisdiction of the Superior Court to entertain the motion for an allowance after the final judgment, but merely the question of the court which had jurisdiction to entertain motions for allowances to defend.

We learn from the finding herein that, during the pendency of the appeal, the defendant moved in the Superior Court for an additional allowance to defend her appeal, which was denied. Ordinarily a defendant wife is entitled to a reasonable allowance to defend against an appeal by the defendant in an action for divorce. If the defendant was prejudiced by the denial of her motion, her remedy lay in an appeal from such denial, or, perhaps, by a later application to the Superior Court pending the appeal. After final judgment, as we hold, the Superior Court was without jurisdiction to entertain an application for an allowance to defend the appeal which had been finally determined.

The case of *Valluzzo* v. *Valluzzo*, 104 Conn. 152, 130 Atl. 126, is distinguishable from the instant case, in that the trial court refused to entertain and definitely pass upon the motion for an allowance. We accordingly held (p. 156): "The trial court should have made an allowance, or denied it and definitely ruled on the claim that, upon the appeal record, the appeal was without merit, thus giving the plaintiff an opportunity to attack that conclusion. Under the court's ruling as it apears in the excerpt from the memorandum, the plaintiff was not given her day in court upon that question."

The Superior Court has jurisdiction of a motion for

an allowance made prior to the final judgment which it has never passed upon, or has not determined in accordance with proper legal procedure from which erroneous ruling an appeal was duly taken and sustained.

The conclusions we have thus reached render it unnecessary to consider the other reasons of appeal, since in any event they could not affect the result.

There is no error.

In this opinion the other judges concurred.