ELITA B. WALLACE, *vs.* GEORGE R. WALLACE, JR.

Worcester.    September 24, 1930. — October 7, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Marriage and Divorce,* Counsel fees, Custody of child. *Superior Court,* Jurisdiction. *Probate Court,* Jurisdiction.

The provision of G. L. c. 208, § 38, giving to the Superior Court authority, in proceedings under the chapter relating to proceedings for divorce and the custody and care of minor children of the parties to such proceedings, to "award costs in its discretion," applies to taxable costs of suit and not to other expenses or counsel fees.

The provisions of G. L. c. 208, §§ 28, 37, relating to the entry of modifying orders for the care, custody and support of children and for alimony, after a decree for divorce, do not extend the period when payments may be ordered made to the wife for expenses incurred in the proceedings beyond the time when her status as wife has come to an end.

Although, after the entry of a decree for a divorce in proceedings in the Superior Court by a wife against her husband, further proceedings and hearings necessarily were had with respect to the interpretation and enforcement of a decree, entered after the divorce became absolute, awarding the care and custody of a minor child to the libellant and providing for his education and care, but containing no provision respecting counsel fees, and the libellant incurred obligations for counsel fees and disbursements therein, the court has no jurisdiction or power to enter a further decree directing the libellee to pay such counsel fees and expenses.

PETITION, filed on June 7, 1930, and afterwards amended, in divorce proceedings in the Superior Court.

The amended petition is described in the opinion. The libellee demurred to the amended petition. The demurrer was heard by *Whiting,* J., by whose order a decree was entered sustaining it, and who reported his ruling for determination by this court.

S. P. Townsend, for the libellant.

E. W. Baker, for the libellee.

SANDERSON, J. This is a petition filed in 1930 for counsel fees and expenses, alleging that the petitioner's libel for divorce was granted in 1920 and the custody of their minor son given to George R. Wallace, Sr.; that the decree became absolute in 1921 and thereafter, upon petition of the libellant, a new decree was entered in 1928 by agreement of the parties awarding the care and custody of the child to her, and provision was made for his education and care but no order was made therein for attorneys' fees; that it has been necessary to have numerous hearings involving the employment of counsel for the interpretation and enforcement of the decrees; that the libellant has incurred obligations for counsel fees and disbursements since the decree for divorce, exclusively in matters relating to the care, custody and welfare of the minor child and has no means or funds with which to meet these obligations, while the libellee is amply able to pay them. The libellee demurred to the petition on the grounds that the matters contained therein are insufficient in law to enable the petitioner to obtain the relief prayed for and that upon the allegations the court had no authority to award counsel fees to the petitioner. The trial judge ruled that the only ground upon which an allowance for counsel fees and expenses can be awarded is under G. L. c. 208, § 17, and that such an award must be made upon a petition filed prior to the entry of a decree absolute in the divorce proceedings, and that such an allowance cannot be made for legal services and expenses incurred upon a petition for modification of that decree relating to care, custody and maintenance of the minor children of the parties. A decree was entered sustaining the demurrer. The trial judge reported the case to the full court upon the petition, demurrer, order and decree with a stipulation: "If the court erred in sustaining the demurrer the case is to be remanded to the Superior Court for further proceedings; if the court did not err, petition is to be dismissed."

The power and jurisdiction of the court in granting divorces are entirely statutory. The course of the proceedings

material to the issues in this case is prescribed, and the right of the court to grant counsel fees under its general equity powers is not material to the issue here to be decided. *Robbins* v. *Robbins*, 140 Mass. 528, 530. *Greenia* v. *Greenia*, 206 Mass. 449, 450. *Adams* v. *Holt*, 214 Mass. 77, 79. *Waterhouse* v. *Waterhouse*, 225 Mass. 228, 230. *Friedrich* v. *Friedrich*, 230 Mass. 59, 61. See G. L. c. 208, § 33; *Drew* v. *Drew*, 250 Mass. 41. The power of the court to make orders for payments to the libellee for counsel fees and expenses in proceedings for modification of the decree in respect to custody of a child incurred after the decree for divorce has become absolute does not exist unless it is found in the statutory provisions. G. L. c. 208, § 17, provides: "The court may require the husband to pay into court for the use of the wife during the pendency of the libel an amount to enable her to maintain or defend the libel, and to pay to the wife alimony during the pendency of the libel." This section by its express terms assumes that the relationship of husband and wife has not been legally terminated. The payment is to be made by the husband to the wife. The words "during the pendency of the libel" are used twice in this section of the statute. Before St. 1851, c. 82, was enacted the court had no authority to award counsel fees *pendente lite*. *Coffin* v. *Dunham*, 8 Cush. 404, 405. *Baldwin* v. *Baldwin*, 6 Gray, 341, 342. Before St. 1855, c. 137, § 6, was passed the court had no power to grant alimony for the period before the decree for divorce is entered. *Shannon* v. *Shannon*, 2 Gray, 285, 287. Before that statute was passed, however, the court had authority to grant alimony in the final decree. *Orrok* v. *Orrok*, 1 Mass. 340. *Chase* v. *Chase*, 105 Mass. 385. *Burrows* v. *Purple*, 107 Mass. 428, 432. The sole purpose of the statute last mentioned seems to be to authorize the court to order the payment of alimony for the period before the decree of divorce becomes absolute. These two statutes were combined in one by Gen. Sts. c. 107, § 22, and have been so treated since. This history indicates a legislative intention that the words "during the pendency of the libel" should have the same meaning in the two clauses of the section and have no application to the period after the

decree for divorce became absolute.  Furthermore, the only purpose for which payments can be made under this statute is to enable the wife to "maintain or defend the libel."  If these words are given their natural meaning they refer to a period before the marriage tie is severed by a decree absolute. The provision of G. L. c. 208, § 38, giving the court authority, in proceedings under the chapter, to "award costs in its discretion," applies to taxable costs of suit and not to other expenses or counsel fees.  See *Brown* v. *Corey*, 134 Mass. 249, 252; *Newton Rubber Works* v. *De Las Casas*, 182 Mass. 436; *Rowland* v. *Maddock*, 183 Mass. 360, 365; *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258, 262; *Dahlstrom Metallic Door Co.* v. *Evatt Construction Co.* 256 Mass. 404, 417.  Sections 28 and 37 of c. 208, relating to the entry of modifying orders for the care, custody and support of children and for alimony, contain no provision for payments to the former wife to cover expenses incurred by her in such proceedings.  The libel for divorce was at an end so far as the marital rights of the parties were concerned and a new status was created for them when the decree became absolute.  *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 489.  It was final as to that matter even though incidental rights relating to children and alimony were not finally determined by the decree and might thereafter be further considered.  In our opinion these provisions authorizing the modification of decrees in certain respects after the divorce has been granted do not extend the period when payments may be made to the wife beyond the time when her status as wife has come to an end.

In accordance with the terms of the report the order must be

*Petition dismissed.*