IRENE R. FAGAN *v.* J. GEORGE FAGAN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 7—decided March 15, 1945.

*Jacob Schwolsky,* with whom was *John W. Joy,* for the appellant (plaintiff).

*Joseph P. Cooney,* for the appellee (defendant).

JENNINGS, J.  The plaintiff appeals from a judgment for the defendant on his cross-complaint.  The latter was divorced from the plaintiff on the grounds of intolerable cruelty and habitual intemperance.  The plaintiff's appeal from the judgment for the defendant on her complaint was abandoned.

A detailed rehearsal of the marital difficulties of these parties would serve no useful purpose.  The trial court concluded that the plaintiff was both intolerably cruel and habitually intemperate to the point that the public and personal objects of matrimony have been destroyed beyond rehabilitation, and that the custody of the minor child of the marriage should be awarded to the defendant.  The terms habitual intemperance and intolerable cruelty are not subject to exact definition.  *Dennis* v. *Dennis,* 68 Conn. 186, 192, 36 Atl. 34. Suffice to say that the subordinate facts fully support these conclusions.  The assignments of error attack many of these subordinate facts and ask that others be added, but only one finding material to the plaintiff's appeal is specifically mentioned in her brief and there was ample evidence to support it.  The few other paragraphs referred to were either immaterial to the issue or mentioned because of the plaintiff's claim that they were favorable to her.

The real claim of the plaintiff is that the trial court believed the defendant rather than the plaintiff and her witnesses.  This is no ground of appeal in this state; *Scibek* v. *O'Connell,* 131 Conn. 557, 560, 41 Atl. (2d) 251; even when, as here, the defendant's own testimony lacked corroboration except in one or two particulars.  See *Frisbie* v. *Schinto,* 120 Conn. 412, 413, 181 Atl. 535; *State* v. *Carey,* 76 Conn. 342, 345, 56 Atl. 632.  The record shows that the assignments of error directed to the finding were very carefully considered by the trial judge, who filed a supplemental

memorandum analyzing them and referring to the particular pages of the record supporting the findings attacked. It is of some significance that the plaintiff cites only one Connecticut case in support of her claim in which the judgment of the trial court was reversed on appeal. In *Sweet* v. *Sweet,* 97 Conn. 693, 118 Atl. 36, this action was taken but it was on the ground that no finding was made as to the effect of the alleged acts of cruelty on the plaintiff. We cannot say as a matter of law that the trial court erred in the findings made; *Swist* v. *Swist,* 107 Conn. 484, 487, 140 Atl. 820; or conclusions reached; id. at 489; including that concerning custody of the child. The only relevant consideration decisive of the latter conclusion is the welfare of the child. *Kelsey* v. *Green,* 69 Conn. 291, 298, 37 Atl. 679.

Included in the appeal are assignments of error as to various interlocutory orders made while it was pending. The sustaining of the judgment makes the decision on all of these orders academic with one possible exception. The judgment was rendered December 14, 1943. By that judgment and by a subsequent order effective July 25, 1944, the custody of the child was awarded to the defendant and right of visitation was granted to the plaintiff. The plaintiff claimed that, the child being in Massachusetts, no order awarding her custody to the defendant in Connecticut could be made. The court had a continuing jurisdiction over the custody of the child, whether she was in this state or elsewhere. *Morrill* v. *Morrill,* 83 Conn. 479, 485, 77 Atl. 1. It does not appear that the courts of Massachusetts had passed any orders with reference to the matter. The supplementary assignments of error are without merit.

There is no error.

In this opinion the other judges concurred.