STRAUCH v. STRAUCH.

No. 31763. Nov. 27, 1945.

*164 P. 2d 220.*

George H. Giddings, of Oklahoma City, for plaintiff in error.

Edward M. Box, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal by Louis Strauch from an order of the district court of Oklahoma county refusing to modify a divorce decree theretofore granted his wife, Mabel Strauch, relative to the custody of the minor children. The divorce was granted on the petition of the plaintiff, Mabel Strauch, on December 20, 1940, and four minor children, all daughters, ranging from the ages of 3 to 8, were placed in her custody.

Defendant, Louis Strauch, bases his application for modification on the sole ground that the place where plaintiff now lives is not a proper locality in which to rear the children. Both parties have remarried since the granting of the divorce. Immediately upon her remarriage plaintiff, together with her children, moved to 512 East Third street, where she, her husband and children now reside. This location is in that part of Oklahoma City which is almost exclusively occupied by negroes. No other white people live in the immediate vicinity. The plaintiff's present husband is required temporarily to live there upon a producing oil lease of his employer in order to perform his duty as oil well pumper. The home itself is of sufficient size and wholly modern and separated by substantial fence from all adjoining premises. The children regularly attend one of the city schools for white children three blocks away. While these children must pass by homes and stores occupied by negroes, they are always properly attended on their way to and from school, and no untoward incident has disturbed them.

Defendant makes no contention that the children are not properly cared for or well guided, but asserts they should not be permitted to remain in the atmosphere of their present surroundings. He relies on the rule that the court, in awarding the custody of minor children in divorce proceedings, should be governed by what appears to be for the best interest and general welfare of the children. This is undoubtedly the correct rule. We have many times so held. Bush v. Bush, 185 Okla. 443, 92 P. 2d 363, and numerous cases cited in the opinion. Defendant contends that the present environment in which the children are now compelled to live is not conductive to their moral uplift and general welfare and that the court should not permit them to be reared in such environment. On the other hand, the evidence discloses that defendant and his present wife live in a 20-room rooming house on Grand avenue, and that defendant is engaged in operating this rooming house, and also engaged in operating a beer parlor, dance hall and night club, all located on Grand avenue. The divorce decree permitted the children to visit defendant at all reasonable times. The evidence discloses that they have frequently visited him and while so doing stayed with him and his wife in this rooming house. Defendant, however, testified that the children were never permitted to enter the beer parlor and dance hall alone. Defendant further testified that he had purchased a nine-room house on North West 14th street, and that he intended to move there as soon as he could obtain possession. He had, however, not obtained possession at the time of this hearing, and no definite time was fixed in which he could or would obtain possession.

This was the condition which confronted the trial court at the time of the hearing. He evidently arrived at

186

the conclusion that the moral uplift and general welfare of these children could not be materially promoted by removing them from their present environment into a rooming house, beer parlor, dance hall, and night club environment. In this conclusion we concur.

Defendant also asserts that the trial court committed error in allowing plaintiff attorney's fee in resisting this application. It is not contended that the allowance is excessive, but it is contended that the court is without authority or power to allow attorney's fees in an application to modify a divorce decree. Some authorities are cited to sustain this contention. The authorities, however, on this proposition are in conflict. We have held in the case of Tinker v. Tinker, 144 Okla. 94, 290 P. 187, that attorney's fees are properly allowable to the wife in such proceeding. In that case the conflict in the authorities is recognized and the conclusion reached that the better reason and weight of authorities favor the rule allowing attorney's fees. We there said:

"Under our statutes, where a minor child is involved, the court had a continuing jurisdiction, under certain conditions, to change and modify former orders. Since the court has the continuing jurisdiction, we can see no reason why the wife should not be allowed a reasonable attorney's fee for resisting a motion to change the terms of the decree."

Defendant upon appeal superseded the judgment of the lower court allowing attorney's fees, and upon application of plaintiff this court made her a temporary allowance of $100 on the attorney's fee. This amount has been paid and should be credited on the attorney's fee allowed by the trial court. The court committed no error in allowing plaintiff attorney's fees in the defense of this proceeding.

The judgment is affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, WELCH, and DAVISON, JJ., concur.