This case comes to this court on a motion to dismiss. The thrust of the argument on the motion to dismiss is that the separation agreement of the parties dated July 21, 1988, in Article Two beginning on page three and running to page four made certain provisions concerning notice. Section 2.3 of the agreement provides in relevant part:
 In the event that the Wife formulates an intention to relocate with the child from the State of Connecticut, the Wife shall give the Husband sixty-days advance written notice of said intention by certified mail. In the event that the husband objects to the Wife's relocation with the child from the State of Connecticut, then the Husband shall file a petition with the Superior Court no more than twenty-one days from the date of receipt of the Wife's written notice. The Wife agrees that she shall not relocate with the child from the State of Connecticut before the Court has held a hearing to determine the best interest of the child, however, the parties agree that the Court hearing shall be expedited so as to avoid any undue delays. Further, the parties agree that any evaluations concerning custody shall be expedited so as to avoid any undue delays. The parties do not intend by this Agreement to allocate to one or the other party the burden of proof at such future hearing concerning the best interest of the minor child.
The agreement provides for no sanctions for violation of the provisions of that section of the separation agreement which became an order of the court. Therefore, it is appropriate for the CT Page 5629 court to determine what is an appropriate sanction for violation of this.
This court does not find that a motion to dismiss lies because of a violation of this provision even assuming for a moment that there is a violation of the provision. The court has considered that the provision, if violated, might very well cost someone money from the standpoint of fees and costs but certainly is not one that should go to the jurisdiction of this court. Section 46b-56 of the Connecticut General Statutes gives the superior court the jurisdiction to make and to thereafter modify orders relating to the custody of minor children in the context of dissolution proceedings. It is this statute which establishes the court's continuing jurisdiction over subject matter. It is clear from the language of the statute that this continuing jurisdiction is not dependent upon any consent or agreement of the parties.
The plaintiff claims essentially that the agreement of the parties limits or terminates the continuing jurisdiction of this court over the custody of the minor child. This suggestion is contrary to established case law. In Krasnow v. Krasnow, 140 Conn. 254,260 (1953), the court indicated that no agreement of the parties can preclude the court from making any modification of a custody decree where the best interest of the child require it. The plaintiff, thus, cannot prevail on her assertion that the time limit set in the parties' agreement affects the court's subject matter jurisdiction with respect to custody.
This court has not made a searching inquiry into the facts because it has assumed that, even if the allegations of the motion to dismiss are true, she cannot sustain her burden to dismiss. Based upon the limited attack on the jurisdiction in the motion to dismiss, this court denies the motion to dismiss.