JOAN L. BENSON *v.* JOHN T. BENSON
(3014)

BORDEN, SPALLONE and DALY, Js.

Argued May 16—decision released August 27, 1985

*Louis Kiefer,* for the appellant (defendant).

*Norman J. Voog,* with whom, on the brief, was *Paul S. Ranando,* for the appellee (plaintiff).

DALY, J. This is an appeal by the defendant from an award of attorney's fees and travel expenses to the plaintiff, incurred principally as a result of defending a motion filed by the defendant for modification of custody of their minor daughter.

On August 7, 1974, a judgment dissolving the marriage of the parties was rendered whereby custody of the minor children, including Tamara Lalia Benson, was awarded to the plaintiff mother, Joan L. Benson. The defendant father, John T. Benson, was to have reasonable visitation including one full month during the summer vacation. Shortly thereafter, the plaintiff moved to Colorado with the children. On July 24, 1983, while Tamara, then fourteen years old, was visiting the defendant in Connecticut pursuant to the judgment, he moved to obtain custody of her.

The plaintiff moved to dismiss the defendant's motion for modification claiming that under the Uniform Child Custody Jurisdiction Act (UCCJA), since Tamara had been residing with the plaintiff for the preceding years, Connecticut lacked jurisdiction to entertain the matter under General Statutes § 46b-93,[1] and, further, that

---

[1] General Statutes § 46b-93 provides in part: "(a) The superior court shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or (3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or (4) (A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (2) or (3) of this sub-

Connecticut was an inconvenient and inappropriate forum under General Statutes §§ 46b-97 (a) and (c).[2] In the same motion, the plaintiff also sought counsel fees.

On August 29, 1983, the trial court, *Glass, J.,* sustained the plaintiff's motion to dismiss, setting forth both lack of jurisdiction and inappropriate forum as grounds. Nothing was mentioned in the memorandum of decision about the plaintiff's counsel fees, so she renewed her request on September 9, 1983. From August 29 through November 29, 1983, the defendant filed a plethora of motions including motions for modification, stay of proceedings, contempt, attorney's fees for himself, and objections to the plaintiff's motion for counsel fees.

On January 3, 1984, the trial court, *J. Healey, J.,* awarded the plaintiff $2000 in counsel fees for defending the first motion for modification, $1500 for subsequent proceedings, and $300 in travel expenses. The

section, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction."

[2] General Statutes § 46b-97 (a) provides: "A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum."

General Statutes § 46b-97 (c) provides : "In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, including but not limited to: (1) Another state is or recently was the child's home state; (2) another state has a closer connection with the child and his family or with the child and one or more of the contestants; (3) substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state; (4) the parties have agreed on another forum which is no less appropriate; and (5) the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 46b-91."

defendant appealed to this court from that award. Subsequently, the plaintiff was awarded an additional $1500 to defend the appeal here.

The defendant claims that the trial court had no jurisdiction to award counsel fees and travel expenses after it dismissed his motion for modification of the judgment of dissolution in order to obtain custody of Tamara for himself.

While Judge Glass indicated that under the UCCJA the trial court lacked jurisdiction, he also found that Connecticut was an inconvenient forum and that a court of Colorado would be a more appropriate forum. Under General Statutes § 46b-97 (g), if a court determines that "it is clearly an inappropriate forum, it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses." In a case which is pending, and before lack of jurisdiction is determined by a final judgment, the court has the power to make allowances to the wife to aid her defense of an action brought by the husband against her. *Morgan* v. *Morgan,* 104 Conn. 412, 415, 133 A. 249 (1926). If a motion for an allowance has been made prior to the final judgment but the motion has not been passed upon, the Superior Court still has jurisdiction over it. Id., 418–19. The plaintiff's motion for counsel fees was contained in her motion to dismiss. The fact that the trial court did not act promptly on the motion, under the circumstances of this case, did not cause the court to lose its authority, considering that "[t]he deferral of litigation allowances until after trial has been the approved practice in this state." *Arrigoni* v. *Arrigoni,* 184 Conn. 513, 518, 440 A.2d 206 (1981).

The defendant claims that Judge Healey erred in awarding attorney's fees and travel expenses under General Statutes § 46b-62. That section provides in part that "[i]n any proceeding seeking relief under the provisions of this chapter and section . . . 46b-1 . . . the court may order either spouse to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82." General Statutes § 46b-1 includes family matters such as custody under the UCCJA.[3] Because § 46b-62 specifically encompasses matters involving the UCCJA, we conclude that the defendant's claim lacks merit. The defendant further claims that the use of the word "spouse," rather than "party," in General Statutes § 46b-62, limits the award of counsel fees to a current spouse. We do not agree. Section 46b-62 is expressly applicable to any proceeding seeking relief under the provisions of chapter 815j of the General Statutes concerning dissolution of marriage, legal separation and annulment.[4]

The defendant next claims that Judge Healey could not have awarded counsel fees and travel expenses under General Statutes § 46b-97 (g) when he made a finding that Connecticut was not a clearly inappropriate forum. The reference in § 46b-62 to § 46b-1, which includes custody proceedings under the UCCJA, however, precludes this argument.

The defendant's final claim, that the court lacked inherent authority to award counsel fees, also lacks

---

[3] General Statutes § 46b-1 provides in pertinent part: "Matters within the jurisdiction of the superior court deemed to be family relations matters shall be matters affecting or involving: . . . (12) all rights and remedies provided for in chapter 815j [dissolution of marriage, legal separation and annulment]; . . . (16) custody proceeding brought under the provisions of chapter 815o [UCCJA]."

[4] See, e.g., *Viglione* v. *Viglione,* 171 Conn. 213, 218, 368 A.2d 202 (1976), where counsel fees were ordered in favor of the plaintiff wife who had remarried.

merit. "The allowance of counsel fees is within the sound discretion of the trial court; *Ridolfi* v. *Ridolfi,* 178 Conn. 377, 380, 423 A.2d 85 (1979); provided the court considers the parties' respective financial abilities and the criteria set forth in General Statutes § 46b-82. General Statues § 46b-62." *Burton* v. *Burton,* 189 Conn. 129, 141–42, 454 A.2d 1282 (1983). Furthermore, the inherent power of the court to award an allowance to defend an appeal is well settled. *Friedlander* v. *Friedlander,* 191 Conn. 81, 87, 463 A.2d 587 (1983). The basis for the allowance is to prevent the wife from being deprived of her rights because she lacks funds. Id.

Our review of the record before us rebuts the plaintiff's contention that Judge Healey failed to consider the applicable statutory criteria. The trial court, moreover, is not obligated to make an express finding on each of the statutory criteria. *Posada* v. *Posada,* 179 Conn. 568, 573, 427 A.2d 406 (1980). It is clear from the record that the plaintiff lacked adequate assets to defend against the various motions and the present appeal. *Barnes* v. *Barnes,* 190 Conn. 491, 495, 460 A.2d 1302 (1983).

"Under the common law of England and of most of the states of the union, the power to make an allowance for counsel fees and expenses of litigation in matters pertaining to actions for divorce is inherent in the court." *Krasnow* v. *Krasnow,* 140 Conn. 254, 261, 99 A.2d 104 (1953). In addition to counsel fees, an award of detective and accountant fees may be allowed under appropriate circumstances. *Stoner* v. *Stoner,* 163 Conn. 345, 357, 307 A.2d 146 (1972). By analogy, an allowance for travel expenses was appropriate here, particularly since the plaintiff was ordered to appear by the court.

There is no error.

In this opinion the other judges concurred.