[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ALLOWANCE OF ATTORNEYS' FEES AND COSTS (DOCKET ENTRY NO. 123) AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS DATED MARCH 22, 1991
On December 20, 1990, this court granted the motion to reopen the modified judgment entered before Judge Coppetto on April 11, 1989 on the ground of fraud and ordered the original support orders of October 10, 1984 with respect to alimony and support reinstated. At that time, the plaintiff moved for recovery for her expenses for the hearings in 1989 and 1990 including her expenses for legal fees and costs and claimed arrearages of alimony and support for 1986, 1987 and 1988. These requests were denied in December, 1990 without prejudice to the plaintiff's introduction of evidence upon these claims in further proceedings. Since that date, the defendant has appealed this court's determination of December 20, 1990 to the Appellate Court which has dismissed that appeal on the ground that it did not constitute a final judgment.
Further proceedings were held on this matter on April 12th and again on April 16th. Both parties appeared at the proceedings on April 12th.
The plaintiff has offered a list of her claimed arrearages, personal expenses, court costs and fees (see plaintiff's exhibit A). As to her claimed attorney's fees and costs, these claims have been amended (see attorney's affidavit dated April 15, 1991). Total claimed legal fees and costs are $12,217.08, total claimed personal expenses including lost wages amount to $7,195.97, and total claimed arrearage on alimony and support amounts to $19,073.92, for total claims of $38,486.97.
The defendant does not contest the reasonableness of the plaintiff's air fare expenses, limousine expenses, hotel expense, child care expense or plaintiff's expenses for long distance calls, Fax costs and Federal Express charges. The court finds these expenses to be fair and reasonable and finds, further, that these expenses were incurred in connection with the proceedings before Judge Coppetto in 1989 at the time of modification, the hearing for reopening that modification in 1990 and the further proceedings held at this time.
The question that is presented upon this issue is the court's authority to enter orders for recovery of the plaintiff's out-of-pocket costs and expenses and her lost earnings. While it is quite true that the plaintiff's costs and CT Page 3603 expenses in 1990 and 1991 were necessitated because of the defendant's fraud, the authority of the court in marital proceedings would appear to be limited to the provisions of46b-62 of the General Statutes which is limited by its terms to "attorney's fees" and "in accordance with the respective financial abilities" of the parties and the criteria of 46b-82
of the General Statutes.
The current financial affidavits of the parties are on file. The plaintiff has successfully demonstrated, again by evidence of the tapes, that the liability of the defendant to Janice Zarowin is no greater than $4,500.00 (see plaintiff's exhibit K) and not $22,100.00 as indicated in his financial affidavit. It is clear that the defendant is better able to pay the plaintiff's costs of transportation and expenses, and applying the criteria of 46b-82 of the General Statutes, the defendant ought to reimburse the plaintiff for these expenses.
The following language from the case of Krasnow v. Krasnow, 140 Conn. 254 at 261 (1953) is supportive of appropriate orders in this case:
 While an action for divorce is a creature of statute, it is essentially equitable in its nature. (Citations omitted.) "The basis of the allowance [to a wife for expenses of divorce litigation] is that she should not be deprived of her rights because she lacks funds which may be supplied from property in which as a wife, she has a real interest but which is usually within the control of the husband." (Citations omitted.) Under the common law of England and of most of the states of the union, the power to make an allowance for counsel fees and expenses of litigation in matters pertaining to actions for divorce is inherent in the court. (Citations omitted.) While a judgment for divorce terminates the respective obligations of the husband and wife to live together, there are, nevertheless, duties and responsibilities which arose by reason of the marriage relation and which survive the decree. Thus the court may make an award of alimony to be paid from the husband's income which it has the continuing power to enforce and modify. (Citations omitted.) The same holds true as to the award of the custody of a child during his minority. (Citations omitted.) Where, in a CT Page 3604 divorce action, custody of a minor child is awarded to the wife, and the husband refuses to recognize her right thereto under the decree and seeks to have the court reverse or modify it, in order to ensure that justice is done the court may require that he provide her with the means for her defense, if she is without such means. (Citations omitted.) The fact that there is no statute providing for an allowance in a divorce action is not decisive. The question is whether the power to make an allowance continues after the original decree, regardless of whether that power is inherent in the court, as some of the cases hold, or is granted by statute. As the jurisdiction of the court to modify the decree in matters of alimony and custody is a continuing one, so too, in reason and justice, is its power to make an allowance when these matters are again in issue after the final decree.
In addition to counsel fees, an award of detective and accountant fees has been allowed. Stoner v. Stoner, 163 Conn. 345,357 (1972). An allowance of travel expenses has been allowed. Benson v. Benson, 5 Conn. App. 95, 100 (1985).
The following language from the case of LaBow v. LaBow, 13 Conn. App. 330, 351 (1988) should also be considered in rendering a decision in this case.
 The paramount role of a court when considering domestic relations cases is one of a "court of equity." The court's equity powers are essential to its ability to fashion the appropriate relief in domestic relations cases. "The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable fairly to resolve the parties' dispute. . . . These powers, although not expressly given to the court by statute, have been held to be inherent powers of the trial court. . . ." Pasquariello v. Pasquariello, 168 Conn. 579, 585-86, 362 A.2d 835 (1975). CT Page 3605
So also is it proper for the court in this proceeding to find an arrearage on alimony and support. Cf. LaBow v. LaBow, 13 Conn. App. 330, 352 (1988).
In considering requests for counsel fees the court may also consider the nature, complexity and scope of the litigation. In connection with the reopening of the judgment and the heavy burden of proof to demonstrate fraud on the part of the defendant, the plaintiff's requests of $3,137.50 by way of counsel fees and costs of $505.01 are most fair and reasonable.
With regard to the proceedings in 1989, plaintiff's counsel had billed the plaintiff $2,500.00 for these proceedings. That bill and costs incurred at that proceeding ($794.93) presumably are reflected as an outstanding liability on the plaintiff's financial affidavit to Attorney Wisser in the amount of $11,808.17. The fee cost to the plaintiff ($2,500.00) and the aforementioned costs were, in effect, incurred needlessly by reason of the defendant's fraudulent testimony and the setting aside of the modification and should be the defendant's obligation to reimburse to the plaintiff.
There has been testimony that the defendant overpaid the alimony and support orders in 1984 and 1985. (See defendant's exhibit 1.) However, upon further cross-examination, the defendant testified that this exhibit simply reflected the checks that he had paid to or for the benefit of the children. Those that reflected amounts in excess of the court ordered alimony and support were all explained and reflected, for the year 1984, payments made prior to October 10, 1984 (the date of the decree of dissolution) and not material to any question of arrearage. The remaining payments reflected in defendant's exhibit one are less than the monthly order of $3,000.00, but the plaintiff makes no claim for arrearage in 1984.
As to 1985, such amounts of "over payment" were not paid to the plaintiff by way of unallocated alimony and support, i.e. checks numbered 685 dated January 22, 1985 and 339 dated August 2, 1985.
The plaintiff claims an arrearage for 1986 of $1,532.63, for 1987 of $2,452.83, for 1988 of $2,128.76 and for 1989-1991 (April 1, 1991) of $12,000.00. For these same years, the defendant claims "overpayments" of $5,177.55 for 1986, $1,992.27 for 1987, $5,630.00 for 1988, $4,373.85 for 1989 and $25.00 for 1990. These alleged overpayments were not overpayments of the court orders but, rather, were checks to CT Page 3606 reimburse for interest charges, for IRS penalty payments, for IRS tax liability as agreed between the parties. The court accepts the plaintiff's figures on arrearages as claimed by the plaintiff as follows:
 1986 $1,532.63 1987 2,452.83 1988 2,128.76 1989 4,000.00 1990 6,000.00 1991 2,000.00 ---------- $18,114.22
The parties had reached agreement regarding reimbursement to the plaintiff of tax penalties because of the defendant's reporting of alimony payments greater than reported by the plaintiff. This arrangement was never court ordered and is entirely between the plaintiff and the defendant.
Allowed, therefore, on plaintiff's motion number 123 are the following:
Arrearages of unallocated alimony and support $18,114.22
Allowance of travel and related expenses for court hearings 5,823.97 ---------- $23,938.19 Attorney's fees as noted previously:
 1989 3,294.93 1990 3,642.51 ---------- Total attorney's fees $ 6,937.44
The plaintiff's request for attorney's fees upon the further hearing upon this matter on April 12, 1991 in the amount of $975.00 is found to be a fair and reasonable charge for her services. The amount of $975.00 is allowed.
As previously noted, in making this determination the court has considered the provisions of 46b-62 of the General Statutes and the factors of 46b-82 of the General Statutes. One of those factors is the health of the parties. The plaintiff is receiving worker's compensation benefits for an injury to her back in 1989 while working as a part time teacher. She has three herniated discs and is unable to work at the present time. CT Page 3607
On motion number 123, the court allows $31,850.63 of which $18,114.22 is an arrearage of unallocated alimony and support.
The court orders the defendant to pay to the plaintiff the amount of $5,823.97 within thirty (30) days of this date. The arrearage of $18,114.22 shall be paid by the defendant to the plaintiff in an amount of One Hundred ($100.00) Dollars per week, in addition to the current orders, until fully paid. Counsel fees in the total amount of $7,912.44 shall be paid by the defendant to the plaintiff within six (6) months of this date.
Plaintiff's motion for counsel fees to defend the defendant's appeal is granted. It is clear that the plaintiff lacked the funds to defend against the appeal in this case. The allowance of counsel fees to defend the appeal is within the sound discretion of the trial court. The plaintiff's counsel, as reflected in her affidavit, is seeking $1,500.00 attorney's fees for defense of the defendant's appeal. This is a fair and reasonable charge for these services. See Barnes v. Barnes,190 Conn. 491, 495 (1983); Burton v. Burton, 189 Conn. 139, 143
(1983); Benson v. Benson, 5 Conn. App. 95, 100 (1985). Such an allowance is proper when the appellee lacks adequate funds to defend. That is certainly the fact in this case. The court allows $1,500.00 and costs in the amount of $304.66 for a total amount of $1,804.66 and orders this amount to be paid by the defendant to the plaintiff within six (6) months of this date.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE