[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PAYMENT OF EXPENSES OF APPRAISALS, FEES AND COSTS (MOTION NO. 120) CT Page 9509
In this action for dissolution of marriage, defendant wife represented that plaintiff is a trustee of and beneficiary of certain trusts which own property of substantial yet undetermined value. Defendant alleged that determination of the value of the properties would be appropriate in resolving the action. Claiming that she is without funds, she had moved for an order of payment for fees and expenses required for such appraisal.
For reasons hereinafter stated, the motion is denied.
It is to the interest of the state that all questionable features of a suit for dissolution of marriage should be fully investigated. Dochelli v. Dochelli,125 Conn. 465, 467 (1939). In such matters, the Court has the inherent power to award fees and expenses to the appropriate party provided the Court considers the respective financial abilities and the criteria set forth in the statutes. Benson v. Benson, 5 Conn. App. 95, 100 (1985).
The statutes involved are General Statutes 46b-81, which allows the Court to assign to either the husband or wife all or any part of the estate of the other in dissolution actions, and 46b-82, which allows the Court to order alimony in such actions.
In argument, before Hendel, J., defendant's attorney represented that the cost of the appraisal, would be approximately $25,000. Defendant has objected to any order requiring the payment of expense since the value of the trusts could not be considered in any dispositions, order, or award which could be made under 46b-81 and 46b-82 above noted.
Both parties, as well as the attorney for the primary trustee of both trusts, who has been served with a subpoena duces tecum, agree the trusts in question are spendthrift trusts. "A trust which creates a fund for the CT Page 9510 benefit of another, secures it against the beneficiary's own improvidence and places it beyond the reach of his creditors is a spendthrift trust." Zeoli v. Commissioner of Social Services, 179 Conn. 83, 88 (1979).
A creditor cannot garnish or attach funds of a spendthrift trust until the income of such a trust has actually been paid over to a beneficiary it is not open to assignment or alienation to anyone. Hildreth Press Employees Fed. Cr. Union, v. Conn. Life Ins. Co., 30 Conn. Sup. 513, 517 (1972).
Although the precise issue presented here has not been decided by an appellate court of this state, it has been held that the value of a potential inheritance is inadmissible in a dissolution action on the question of property division or alimony under 46b-81 and 46b-82. Rubin v. Rubin, 204 Conn. 224, 236-240 (1987).
Although defendant argues to the contrary, the holding of the Rubin case is dispositive of the issue here. A potential distribution under the trust like a potential inheritance is at least an inchoate hope and a mere expectancy of property in the future. It is difficult to see how it could be the basis of an award under either of the statutes above mentioned.
Under the circumstances, it would be an abuse of discretion to order plaintiff to pay the substantial fee required for an appraisal of the trust property.
Accordingly, the motion denied.
Purtill, J.